No. 613 July 1, 2026 157

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON MICHAEL LINFOOT,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR08516; A183670

Kathie F. Steele, Judge.

Argued and submitted July 30, 2025.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Vacated and remanded.

**SHORR, P. J.**

Defendant appeals from a judgment revoking his probation and imposing a sentence of 56 months in prison and 24 months of post-prison supervision. His first assignment of error argues that the trial court erred in revoking probation without a finding or admission of a probation violation. As explained below, the trial court proceeded from an incorrect assumption that defendant had stipulated to a probation violation, and therefore failed to expressly find a probation violation. As a result, we cannot discern from the record the basis on which the trial court revoked defendant's probation. Consequently, we vacate and remand.[1]

In 2022, the trial court placed defendant on probation for 60 months pursuant to a plea agreement where defendant pleaded guilty to certain felonies and stipulated to a 56-month prison term if probation was revoked. The judgment imposed all the general conditions of probation and certain special conditions related to substance abuse. Those general and special conditions included not changing residence without prior permission and entering and completing drug court. On February 5, 2024, defendant appeared for arraignment on allegations that he was in violation of probation for "failing to obtain prior permission to change your residence and failing to abide by the Adult Drug Court rules by failing to abide by the housing rules. And you were evicted from *** sober housing in failing to abide by a PO directive."[2] Defendant was represented at that hearing by counsel Elliot, who acknowledged the allegations and notified the court that defendant would have new counsel representing him at the probation violation hearing. The case registry for February 5, 2024, contained the notation, "Stip to PV," although the transcript does not reflect a stipulation.

On February 12, 2024, the trial court held a hearing on the alleged probation violation, at which new counsel Van Leuven represented defendant. The trial court began

---

[1] Because we vacate and remand on defendant's first assignment of error, we need not reach defendant's second assignment, in which he argues that the trial court violated his constitutional right to allocution, because it may not arise again on remand. *See State v. Langley*, 331 Or 430, 454, 16 P3d 489 (2000) (declining to consider issues that are not likely to arise on remand).

[2] The record does not contain any written record of the allegations.

the hearing by informing defendant that he "stipulated last week to violation of probation." Van Leuven, who had not been present at the prior hearing, made no objection to that assertion. The court then proceeded to hear arguments from the parties on whether it should revoke probation. During those arguments, both defense counsel and defendant made statements regarding his eviction from sober housing. The trial court did not specifically find that defendant had violated any condition of probation, but noted that the court had given defendant "opportunities to make it *** and it hasn't happened." The trial court then revoked defendant's probation and imposed the 56-month prison sentence.

On appeal, defendant argues that the trial court erred in revoking probation without a finding or admission of a probation violation. The state acknowledges that the record does not reflect a stipulation by defendant to a probation violation, but argues that the record contains sufficient evidence that he violated the terms of his probation because he admitted that he had been evicted from sober housing.

Whether there is sufficient evidence in the record to support a finding of a probation violation is a legal question. *State v. Stroud*, 293 Or App 314, 318, 428 P3d 949 (2018). We review the decision to revoke probation for an abuse of discretion. *State v. Kelemen*, 296 Or App 184, 192, 437 P3d 1225 (2019); *see also* OAR 213-010-0001 ("The decision to revoke probation is discretionary and may be exercised upon a finding that the offender has violated one or more of the conditions of probation, or that the offender has participated in new criminal activity.").

We begin with preservation. Defense counsel Van Leuven did not object at the probation violation hearing when the trial court asserted that defendant had stipulated to a probation violation at the prior hearing. However, Van Leuven had not been present at the February 5, 2024, hearing. Moreover, the case registry for that date contained a notation that defendant had stipulated to a violation, although the transcript does not reflect any stipulation. We have excused preservation in similar circumstances where the trial court misstated the prior procedural position and the attorney representing the defendant had not been

present at the earlier hearing and "was not in a position to recognize the disconnect and the resulting skipping of a procedural step."[3] *State v. Craig*, 337 Or App 38, 42-43, 563 P3d 389 (2024). Therefore, we conclude that here, as in *Craig*, excusing preservation under the unusual circumstances of this case, is "consistent with the pragmatic and prudential nature of preservation rules." *Id.* at 43. Excusing preservation in this case "does not give [defendant] any kind of windfall, and it deprives neither the state nor the trial court of procedural fairness," but merely provides the court the opportunity to take the necessary step of determining whether a probation violation occurred. *Id.* (internal quotation marks omitted).

Turning to the merits, we agree that, based on the record before us, defendant did not stipulate to a probation violation, nor did the court expressly find a probation violation. The issue remaining is whether the record contains evidence that defendant admitted in some other manner that he violated the terms of his probation. The state points to certain statements where defense counsel and defendant acknowledged that he had been evicted from sober housing. Defense counsel acknowledged that "Oxford house is not interested in taking him back based on the way that he— the eviction went." Defendant also stated, "I know that my reaction to my eviction was not okay."

We are not persuaded that those statements amount to an admission of a probation violation. The state does not point to which specific condition of probation those statements purportedly admit to violating. It is not apparent to us that the state proved that defendant's eviction from sober housing was a violation of any of his conditions of probation. To reiterate, defendant's alleged probation violations were "failing to obtain prior permission to change your residence and failing to abide by the Adult Drug Court rules by failing to abide by the housing rules. And you were evicted from *** sober housing in failing to abide by a PO directive."

---

[3] We acknowledge that defendant was in a factual position to personally object to the trial court's misstatement that he "stipulated last week to violation of probation." But defendant might not have understood precisely what the trial court meant, and at any rate, was reasonably relying on his counsel to make strategic decisions.

Of those allegations, only one reflects an actual condition of probation—namely the general condition that defendant "[n]ot change residence without prior permission". ORS 137.540(1)(e). Defendant's acknowledgment of his eviction is not tantamount to an admission that he changed residence without prior permission. The remaining allegations—that defendant failed to abide by drug court rules, by housing rules, and by the direction of his parole officer resulting in eviction—do not reflect any condition of probation. *See State v. Austin*, 344 Or App 368, 372, 580 P3d 348 (2025) (failure to abide by house rules was not a violation of the general condition to "report as required"); *State v. Hamilton*, 321 Or App 803, 808-09, 518 P3d 618 (2022), *rev den*, 370 Or 740 (2023) (any violation of drug court rules cannot themselves be said to constitute probation violations); *State v. Hardges*, 294 Or App 445, 446, 432 P3d 268 (2018) (concluding that a probationer fails to "abide by the direction of the supervising officer" only when the direction at issue directly relates to the reporting requirement imposed by that condition). For those reasons, we do not perceive defendant to have effectively admitted on the record that he violated a condition of probation.

In sum, the record does not contain evidence that amounts to an admission of a probation violation, nor did defendant stipulate to violating any condition of probation. Therefore, the trial court erred in revoking probation without a stipulation, admission, or finding on the record that he had violated probation. The trial court's error appears to stem from its misstatement that defendant had previously stipulated to a probation violation, apparently based on an incorrect notation in the case registry to that effect. As a result of that misstatement, the trial court skipped a crucial step of the procedure—it failed to expressly find a probation violation or an admission by defendant before revoking probation. The parties also proceeded with the same misunderstanding such that neither the state, which had the burden of proof, nor defendant presented evidence relating to the probation violation allegation. Consequently, in the unusual circumstances presented by this case, it is appropriate to vacate the probation violation judgment and remand for a new probation violation hearing where the parties may

present evidence and the trial court can make findings in the first instance. On remand, the trial court may reinstate the judgment revoking defendant's probation only if the trial court finds a probation violation based on a preponderance of the evidence or if defendant admits to a violation. *See State v. Cunningham*, 345 Or App 546, 551, 582 P3d 1184 (2025) (vacating for the trial court to reconsider with "a correct understanding of the probation violations before it" and acknowledging that the trial court could, after considering the issue, reinstate the judgment revoking probation); *State v. Chapman (A183086)*, 345 Or App 9, 11, 582 P3d 266 (2025) ("The state bears the burden of proving a probation violation by a preponderance of evidence.").

Vacated and remanded.